UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEYDY BELLO,

                         Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        12-CV-799S

COUNTY OF NIAGARA,
INVESTIGATOR DWORZANSKI FNU, intended
to be the individual who charged plaintiff with a
Criminal Complaint in the Niagara Falls City Court,
BRIAN GAFFNEY, M.J. LEGGETT, and
NIAGARA COUNTY SHERIFF'S DEPARTMENT,

                         Defendants.


## I.   INTRODUCTION

        In this action, Plaintiff Leydy Bello alleges that her constitutional rights were

violated and she was subjected to the negligent infliction of emotional distress when she

was arrested on charges of welfare fraud in or about November 2010.

        Presently before this Court is Defendants' Motion for Summary Judgment seeking

dismissal of Plaintiff's claims in their entirety. For the reasons stated below, the motion will

be granted.

## II. BACKGROUND

### A.  Facts

        Ms. Bello, who previously resided in New York City and now resides in Niagara

Falls, New York, has received assistance from various programs available to low-income

households. On February 6, 2009, the Home Energy Assistance Program ("HEAP")

received an application from Ms. Bello for assistance with her utility bills in Niagara Falls.

On February 9, 2009, HEAP requested that the New York State Office of Temporary Disability Assistance ("OTDA") conduct an investigation of Bello's household to look into: household composition, whether Ms. Bello was receiving self-employment income from an internet business, and the source of a $500 deposit to her checking account. An email from OTDA, dated February 17, 2009, confirms that the agency received fraud referrals from Albany relating to Ms. Bello, and also to Donnell Richardson, who is the father of Bello's children. OTDA was informed Bello and Richardson had maintained separate households in New York City, with one child residing with each of them. Each household, which received New York City benefits, moved to Niagara Falls in or about April 2008, where each household continued to receive separate benefits. According to the OTDA email, there was reason to believe the family was then living in a single household. Ms. Bello had purchased a home, Richardson was seen there, and the budgets each had submitted in New York City did not reflect sufficient income to allow either of them to separately purchase or maintain a home.

Ms. Bello purchased her home on McKoon Avenue on January 9, 2008 for $63,500.   In her HEAP application and other applications for social services, Bello stated that she and one child reside at the McKoon house, her monthly mortgage payment is $704.12, her utilities are $242 or more per month, and her monthly income is $117.

In 2009, Ms. Bello's food stamps were discontinued for failure to include Richardson as part of her household in her applications for benefits. Ms. Bello appealed the determination, and an OTDA Administrative Law Judge conducted a Fair Hearing on October 1, October 29, and December 22, 2009. The ALJ heard testimony, reviewed the

documents the agency relied on to conclude that Richardson resided at the McKoon house, and upheld the determinations in a written decision dated January 29, 2010.

On March 25, 2010, Defendant Leggett, acting as an investigator for the Niagara County Sheriff's Office Welfare Fraud Unit, arrived at Ms. Bello's home where he found Richardson meeting with a cable television provider. On May 12, 2010, the Niagara County District Attorney issued a welfare fraud report to the Niagara County Department of Social Services showing that Ms. Bello had improperly collected $3,853 in food stamps and $820 from HEAP for the period April 6, 2009 to February 28, 2010. Ms. Bello subsequently requested reconsideration of the Fair Hearing determination on which the food stamp calculation was based. The request was denied by letter dated July 22, 2010. Ms. Bello also commenced an Article 78 proceeding seeking to annul the OTDA's determination regarding HEAP benefits. The Appellate Division, Fourth Department unanimously confirmed the agency determination on December 30, 2011.

In an affidavit, sworn to November 9, 2010, Defendant Gaffney of the Investigative Fraud Unit of the Niagara County Department of Social Services stated that, on or about April 6, 2009, Ms. Bello filed written instruments with the Department of Social Services knowing that they contained false information concerning her household composition. Ms. Bello was arrested on or about November 29, 2010, and charged with Grand Larceny in the Third Degree, Misuse of Food Stamps, and two counts of Offering a False Instrument for Filing, First Degree.

Ms. Bello's attorney in the criminal action requested repeated adjournments over the course of more than a year, and a hearing was finally held on March 27, 2012. Prior to the hearing, on or about January 30, 2012, Ms. Bello's attorney filed a motion to dismiss

on the ground the People could not prove Richardson resided at the McKoon house during the relevant period. At the hearing, Ms. Bello produced a letter from the New York City Housing Authority addressed to Richardson's mother Margie Brady. The letter confirmed that Brady was granted permission for Richardson to reside with her from March 1, 2009 to September 4, 2009,[1] later extended to February 28, 2010. The People then moved to dismiss the charges against Ms. Bello.

### B.  Procedure

On June 22, 2012,[2] Plaintiff filed a Notice of Claim for physical, emotional, mental, and psychological injuries resulting from her arrest and prosecution. This action followed on August 23, 2012. Although not entirely clear, the Complaint appears to assert claims for false arrest and malicious prosecution. In an abundance of caution, Defendants have moved with respect to these claims and also against claims of false imprisonment and negligent infliction of emotional distress identified in the Notice of Claim. (Docket No. 13-1 ¶ 24.)

### III. DISCUSSION

### A.  Standard of Review

Under Rule 56 of the Rules of Civil Procedure the court can grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact." A fact is "material" if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d

---

[1] Defendants state, and Plaintiff concedes, that the initial grant was to April 4, 2009 only, and that Richardson was again allowed to reside there beginning in September. The letter states otherwise and the misstatements of fact are disregarded.

[2] The Notice of Claim was notarized on June 23, 2012, and received by certified mail on June 25, 2012.

202 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B. Claims Brought under 42 U.S.C. § 1983**

1. Monell Liability

Defendants urge that, to the extent Plaintiff intends to assert claims under § 1983 against the County of Niagara and the Niagara County Sheriff's Department, she cannot establish entitlement to relief as a matter of law.

"The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of respondeat superior.'" Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986)). In order to maintain a 42 U.S.C. § 1983 action against a municipal defendant, a plaintiff must identify a municipal "policy or custom" from which the alleged injury arose. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).

Here, Plaintiff's allegations against the municipal defendants are entirely conclusory. Moreover, she has offered no evidence or testimony in response to Defendants' motion regarding the existence of a municipal policy or custom that resulted

5

in the alleged constitutional violations.[3] Because Plaintiff has raised no question of fact

as to possible <u>Monell</u> liability, summary judgment will be granted as to claims against the

County of Niagara and Niagara County Sheriff's Department.

2. <u>The Individual Defendants</u>

Plaintiff alleges that Defendant Leggett prepared an investigative report on alleged

fraud; Defendant Gaffney, an employee at the Niagara County Department of Social

Services, prepared a deposition regarding conclusions drawn from the fraud

investigation; and Defendant Dworzanski, a Niagara County Sheriff's Department

investigator, filed criminal complaints against her based on the investigation. It is not

entirely clear whether Plaintiff is pursuing claims against these Defendants in their official

capacities, their individual capacities, or both.

It is well-settled that § 1983 claims against government employees acting in their

official capacities are treated as claims against the municipality. <u>See</u> <u>Coon v. Town of</u>

<u>Springfield</u>, 404 F.3d 683, 687 (2d Cir. 2005) (citing <u>Brandon v. Holt</u>, 469 U.S. 464,

471-73 (1985) ("a § 1983 suit against a municipal officer in his official capacity is treated

as an action against the municipality itself")); <u>5 Borough Pawn, LLC. v. City of New York</u>,

640 F. Supp. 2d 268, 297 (S.D.N.Y. 2009) ("A suit for damages against a municipal officer

in their official capacity is the equivalent of a damage suit against the municipality itself.")

(internal quotations and citation omitted). Accordingly, Plaintiff's claims against the

individual Defendants are dismissed to the extent they are sued in their official capacities.

---

3 Plaintiff's response consists of her affidavit confirming the criminal charges against her, and an affidavit from her attorney. She provides no documents in addition to those provided by Defendants, and has not filed an answering memorandum of law as is **required** by Rule 7(a)(2)(A) of the Local Rules of Civil Procedure—"Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." Further, the attorney affidavit does not comply with Local Rule 7(a)(3) which states that "[a]n affidavit must not contain legal arguments."

3. <u>Malicious Prosecution</u>

Under New York law, the elements of a malicious prosecution claim are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." <u>Rohman v. N.Y.C. Transit Auth.</u>, 215 F.3d 208, 215 (2d Cir. 2000) (quoting <u>Posr v. Court Officer Shield # 207</u>, 180 F.3d 409, 417 (2d Cir. 1999)). Malicious prosecution claims under § 1983 require the additional element of "(5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." <u>Rohman</u> 215 F.3d at 215.

Defendants urge that Plaintiff cannot establish the second element of her claim. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." <u>Standbury v. Wertman</u>, 721 F.3d 84, 94-95 (2d Cir. 2013) (citation and internal quotation marks omitted). "Probable cause, in the context of malicious prosecution, has [ ] been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." <u>Boyd v. City of New York</u>, 336 F.3d 72, 76 (2d Cir. 2003) (alteration added).

In response, Plaintiff contends the Court can look only to the charging instruments to determine probable cause, and that the information contained therein is clearly insufficient. (Docket No. 16 ¶ 18.) Plaintiff provides no authority for this proposition, which is contrary to established law.

The facts and circumstances revealed in the investigations and administrative proceedings that preceded the arrest and criminal hearing contain ample evidence that probable cause existed. Richardson, who claimed to reside in New York City, had

collected New York City benefits in Niagara Falls continuously beginning in April/May 2008 (Docket No. 13-3 at 17), he was present at the McKoon residence during multiple agency visits (id. at 17, 74, 133), he had registered a car using the McKoon address (id. at 74), he admitted at the administrative hearing that he spends extended periods every month in the McKoon residence and provides financial support to the household (id. at 82), a witness stated that Richardson resides at the McKoon house (id. at 98), and Richardson gave police the McKoon residence as his home address (id. at 118, 124). On this evidence, a reasonably prudent person would be led to believe that a prosecution against Plaintiff for misrepresenting her household composition could succeed. [4] Accordingly, summary judgment will be granted on the claim of malicious prosecution under both federal and state law.

### 4. False Arrest, False Imprisonment

Section 1983 claims for false arrest and false imprisonment are "substantially the same" in all relevant respects as claims for false arrest and false imprisonment under state law. See Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). In addition, false arrest and false imprisonment are synonymous causes of action because the elements of the claims are identical. Murray v. Williams, No. 05 CV 9438, 2007 U.S. Dist. LEXIS 11321, 2007 WL 430419, at *5 (S.D.N.Y. Feb. 8, 2007) (citing Covington v. City of New York, 171 F.3d 117, 125 (2d Cir.), cert. denied, 528 U.S. 946, 120 S. Ct. 363, 145 L. Ed. 2d 284 (1999)). In order to establish a claim for false arrest/imprisonment under New York State law, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff;

---

4 In light of this finding, the Court need not address Defendants' further argument that Plaintiff cannot show, for purposes of this claim, that the criminal prosecution was terminated in her favor.

(2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified. <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (1995) (citing <u>Broughton v. State of New York</u>, 37 N.Y.2d 451, 456, cert. denied, 423 U.S. 929, 96 S. Ct. 277, 46 L. Ed. 2d 257 (1975)); <u>Smith v. City of New York</u>, 388 F. Supp. 2d 179, 184 (S.D.N.Y. 2005).

The probable cause standard in the false arrest/false imprisonment context is slightly lower than for malicious prosecution claims. "The inquiry is limited to whether the authorities had knowledge or sufficiently trustworthy information to objectively believe an offense had been committed by the person to be arrested. <u>Boyd</u>, 336 F.3d at 76 (citation omitted); <u>Gonzalez v. City of Schenectady</u>, 728 F.3d 149, 155 (2d Cir. 2013). Again, Defendants urge that Plaintiff cannot meet this element. The Court finds that the arrest was supported by probable cause, based on the same facts and circumstances discussed above. Therefore, summary judgment will be granted as to these claims as well, under both state and federal.

### C. The Remaining State Law Claim

Defendants repeatedly characterize Plaintiff's claim for negligent infliction of emotional distress as one brought under § 1983. There is no constitutional right to be free of emotional distress; this is a state law claim only. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. <u>See</u> <u>Schaefer v. Town of Victor</u>, 457 F.3d 188, 210 (2d Cir. 2006) (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). "Where the federal claims are dismissed before trial, the state claims should be dismissed as well." <u>Marcus v. AT&T Corp.</u>, 138 F.3d 46, 57 (2d Cir. 1998).

9

There is no reason to deviate from this rule here.

## IV.  CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is granted and this case will be dismissed. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claim for negligent infliction of emotional distress, that claim is dismissed without prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 13) is GRANTED.

FURTHER that the Clerk of Court shall take the steps necessary to close this case.


SO ORDERED.

Dated:    October 27, 2014
              Buffalo, New York


                                            William   M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court